```
      IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                 WESTERN DIVISION
```

**SOUTHLAND HEALTH**
**SERVICES, INC., et al.**                                    **PLAINTIFFS**

**VERSUS**                        **CIVIL ACTION NO. 5:12cv56-DCB-RHW**

**BANK PLUS, et al.**                                         **DEFENDANTS**

## ORDER

Before the Court are the Defendants' Joint Motion to Strike the Amended Complaint [**docket no. 44**], Defendant Bank Plus's Motion to Dismiss Plaintiffs' First Amended Complaint [**docket no. 45**], Defendant Sonny Burdine's Motion to Dismiss First Amended Complaint [**docket no. 46**], and the remaining Defendants' Motion to Dismiss First Amended Complaint [**docket no. 48**]. Therein, the Defendants argue, inter alia, that dismissal of the Plaintiffs' case is proper pursuant to Rule 12(b)(6). The Plaintiffs have not responded to these Motions.

On December 20, 2012, the Court issued a Show Cause Order providing the Plaintiffs extra time to respond to the Defendants' motions. In that Order, the Court warned "that it intends to rule on the pending Motions shortly and/or dismiss this case with prejudice for lack of prosecution if they do not obtain counsel." Of particular concern to the Court was that the Plaintiffs, which are mostly corporations, are listed on the docket sheet as proceeding "pro se", but as corporations they are not allowed to proceed pro se. E.g., Memon v. Allied Domecq QSR, 385 F.3d 871, 873

(5th Cir. 2004). Despite the Court's warning, the Plaintiffs have failed to respond to this Order, either directly or through counsel, and thus have only confirmed the Court's suspicion that they have abandoned their case.

Shortly after the case was transferred to this Court from the Eastern District of Tennessee, the Plaintiffs' attorney was instructed twice by Magistrate Judge Walker to file a motion to appear pro hac vice if he is to represent the Plaintiffs. Instead, he filed the Amended Complaint, without permission to do so, and that same day withdrew from the case. Since then, the Plaintiffs have had over six months to obtain new counsel and respond to the Defendants' Motions but have not done so. In addition, they failed to respond to the Show Cause Order, which gave them over thirty days to respond. For these reasons, the Court has the discretionary authority to dismiss the Plaintiffs' claims for failure to prosecute certainly without prejudice and perhaps with prejudice. See, e.g., Lewis v. Sheriff's Dept. Bossier Parish, 478 Fed. App'x 809, 816 (5th Cir. 2012); Fed. R. Civ. P. 41(b).

However, the Court finds that the Defendants are entitled to an adjudication of the case on the merits. The Defendants have defended the case, filed their Motions, and put forth a persuasive argument that the Plaintiffs have no claim against them. These efforts should not be nullified because of the Plaintiffs' failure to respond. The Court has given the Plaintiffs' ample opportunity

to address the Defendants' Motions.

Having read the three Motions separately filed by the Defendants, the Court agrees that, even if the facts in the Amended Complaint are taken as true, each of the Plaintiffs' causes of action are time-barred because all the events that form the basis for their causes of action occurred in 2008 or earlier, more than three years before the Plaintiffs filed the Complaint. See Miss. Code Ann. § 15-1-49 (barring the negligence claim); Miss. Code Ann. § 75-3-118(g) (barring the conversion claim); CitiFinancial Mortg. Co., Inc. v. Washington, 967 So. 2d 16, 19 (Miss. 2007) (barring the breach of fiduciary duty and breach of contract claims); Carter v. Citigroup Inc., 938 So. 2d 809, 817 (Miss. 2006) (barring the civil conspiracy claim).

The Court has considered whether the applicable statutes of limitations could be tolled by some fact alleged in the Amended Complaint. Am. Compl. ¶ 72. But the Court agrees with Defendant Bank Plus that the Amended Complaint indicates that Plaintiff Lunan learned of the Defendants' alleged embezzlement in late 2008, if not earlier. Am. Compl. ¶ 46. Thus, the Plaintiffs' causes of action would have begun to accrue at that time. See Bullard v. Guardian Life Ins. Co. of Am., 941 So. 2d 812, 815 (Miss. 2006) (stating that a cause of action accrues when a plaintiff learns of the breach and suffers damage). Because the Plaintiffs have not disputed the Defendants' statute of limitations arguments,

3

particularly because they have not shown how the applicable statutes of limitations could be tolled to save their claims, each of the Plaintiffs' claims must be dismissed *with prejudice* because they are time-barred.

Accordingly,

**IT IS HEREBY ORDERED THAT** Defendant Bank Plus's Motion to Dismiss Plaintiffs' First Amended Complaint [**docket no. 45**], Defendant Sonny Burdine's Motion to Dismiss Plaintiffs' First Amended Complaint [**docket no. 46**], and the remaining Defendants' Motion to Dismiss the First Amended Complaint [**docket no. 48**] are **GRANTED.** The Defendants' Joint Motion to Strike the Amended Complaint [**docket no. 44**] will be **DISMISSED AS MOOT.** A separate document will issue forthwith dismissing the Plaintiffs' claims against the Defendants with prejudice because the claims are time-barred.

So **ORDERED**, this the 4th day of February, 2013.[1]

/s/ David Bramlette
**UNITED STATES DISTRICT JUDGE**

---

[1] Once again, because there is no attorney of record for the Plaintiffs, and because the docket sheet indicates that none of the "pro se" Plaintiffs are designated to be noticed, the Court has mailed a copy of this Order to Southland, Paladin, and Larry Lunan at Southland's principal place of business as provided in the Amended Complaint [docket no. 38 ¶ 4, 5, 6.]—the only address provided to the Court by the Plaintiffs. The final judgment will also be mailed to this address.